**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

FRANCISCO AMADEO VALDEZ TALAVERA,

Petitioner,

v. Case No. 2:26-cv-02788 KWR-LF

WARDEN, *Otero County Processing Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**<u>ORDER DENYING HABEAS PETITION</u>**

**THIS MATTER** comes before the Court on Petitioner's Petition for Writ of Habeas Corpus (**Doc. 1**). Petitioner is a non-citizen who has been detained by ICE without a bond hearing. Petitioner asserts that his detention violates due process. Having reviewed the parties' pleadings, briefing, and the relevant law, the Court finds that the Petition is not well-taken and therefore is **DENIED**.

**BACKGROUND**

Petitioner is a citizen of Mexico and is detained by ICE at the Otero County Processing Center. He has been in the United States since 1994. Petitioner has a criminal history, including convictions for possession of marijuana and unlawful possession of a firearm. Doc. 1 at 38-39.

Petitioner was placed into immigration custody on November 24, 2025. Petitioner was granted voluntary departure on June 23, 2026. Petitioner appealed the order and his appeal remains pending.

## DISCUSSION

Petitioner appears to assert that his detention is unlawful because he has not received a bond hearing under 8 U.S.C. § 1226(a) or *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). The Court disagrees as he is mandatorily detained under 8 U.S.C. § 1226(c). Respondents assert that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c)(1)(A). The Court agrees. Section 1226(c) provides that the "Attorney General *shall* take into custody any alien who—(A) is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title." 8 U.S.C. § 1226(c)(1)(A) (emphasis added). Section 1182(a)(2) in turn provides in part that "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of. . . (II) a violation of . . . any law or regulation of a State . . . relating to a controlled substance (as defined in section 802 of title 21), is inadmissible." 8 U.S.C. § 1182(a)(2)(A)(i)(II). A controlled substance is "a drug or other substance . . . included in Schedule I, II, III, IV, or V of part B of this subchapter." 21 U.S.C. § 802(6). Marihuana, Tetrahydrocannabinol or THC present in cannabis remains a scheduled controlled substance. 21 U.S.C. § 812. Here, Petitioner was convicted of possession of cannabis. Doc. 1 at 38-39.

In addition, the Court notes that he was convicted of unlawfully possessing a firearm. Section 1226(c) provides that the attorney general shall take into custody any noncitizen who is deportable by reason of having committed any offense in Section 1227(a)(2)(C). § 1226(c)(1)(B).

Section 1227(a)(2)(C) in turn provides in part that a noncitizen is deportable who after admission[1] unlawfully possesses, uses, or owns a firearm in violation of any law. § 1227(a)(2)(C). Here, Petitioner was convicted of unlawfully possessing a firearm in a vehicle. Doc. 1 at 38-39.

Thus, it appears that Petitioner is mandatorily detained under § 1226(c), and he is not entitled to a bond hearing under § 1226(a) or *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026).

The Court notes that Petitioner does not appear to expressly assert a claim that his prolonged detention violates due process. Petitioner bears the burden of proof of showing that he is entitled to relief or a remedy. *See* 28 U.S.C. § 2241; *Odell v. Hudspeth*, 189 F.2d 300, 302 (10th Cir. 1951) (In § 2241 proceeding, "[t]he burden of proof was upon the petitioner to sustain these allegations."); *see also Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) ("The burden of proof of showing deprivation of rights leading to unlawful detention [under § 2241] is on the petitioner."); *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) ("[I]t was error for the District Court to effectively impose on the Government the burden of proving that [petitioner] was *not* 'in custody in violation of the Constitution or laws or treaties of the United States' " under § 2241); *see also Smith v. Workman*, 550 F.3d 1258, 1273 (10th Cir. 2008) (noting that, in the context a *Brady* violation, the petitioner "bears the burden of showing that the prosecution suppressed material evidence favorable" to the petitioner); *McDonald v. Feeley*, 535 F. Supp. 3d 128, 135 (W.D.N.Y.

---

[1] Section 1227(a)(2)(C) states that a noncitizen "who at any time after admission is convicted under any law" of possession or use of a firearm is deportable. But some courts have applied this provision to noncitizens who unlawfully entered the United States and were not admitted. *See, e.g., Duran v. Chestnut*, No. 1:26-CV-02020-JLT-CDB (HC), 2026 WL 1383366, at *1 (E.D. Cal. May 18, 2026), *report and recommendation adopted sub nom. ANTHONY DENILSON DURAN, Petitioner, v. CHRISTOPHER CHESTNUT, et al., Respondents.*, No. 1:26-CV-02020-JLT-CDB (HC), 2026 WL 3028145 (E.D. Cal. Oct. 8, 2026).

2021) (in § 2241 proceeding challenging his immigration detention, petitioner bears burden of proving by preponderance of evidence that he is detained contrary to law).

Petitioner is also required to make arguments and present facts, and the Court need not do so on his behalf. *See United States v. Davis*, 622 F. App'x 758, 759 (10th Cir. 2015) ("[I]t is not this court's duty, after all, to make arguments for a litigant that he has not made for himself."); *Phillips v. Hillcrest Med. Ctr.*, 244 F.3d 790, 800 n.10 (10th Cir. 2001) (observing that a court has no obligation to make arguments or perform research on behalf of litigants) (quoting *Pelfresne v. Village of Williams Bay,* 917 F.2d 1017, 1023 (7th Cir.1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point. [The court] will not do his research for him.").[2] Here, it is unclear whether Petitioner asserts a due process claim for prolonged detention. The Court will not address complex issues of constitutional law without briefing, especially given that it is unclear whether he is entitled to relief.

*Alternatively,* only assuming the Court is required to address this inadequately briefed constitutional issue, it is not clear that the length of his detention violates due process. To the extent he asserts a *Zadvydas* claim, that claim fails. Here, Petitioner does not have a final order of removal. *Zadvydas* therefore does not apply. *See, e.g., Demore v. Kim*, 538 U.S. 510, 527–28 (2003) (explaining that *Zadvydas* did not apply where final order of removal was not issued).

---

[2] These principles apply even where a party is pro se. Although pro se pleadings should be construed liberally, a district court may not act as a pro se party's advocate, advancing arguments or facts on their behalf. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Moreover, pro se parties must comply with the same procedural rules and law as counseled parties. *Nielsen v. Price,* 17 F.3d 1276, 1277 (10th Cir. 1994).

Moreover, in an unpublished decision, the Tenth Circuit held that a noncitizen detained for more than three years pending a decision on removal proceedings under § 1226(a) was not entitled to relief for indefinite detention under *Zadvydas*. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012). It reasoned that the end of his detention remained reasonably forseeable because he was detained pending a decision on whether he was to be removed from the United States, and there was nothing in the record to suggest that the petitioner was unremovable. *Id.* Similarly, in a published case the Tenth Circuit rejected the application of *Zadvydas* to a petitioner who had a removal order with an appeal pending, explaining as follows:

> But for now, his detention is clearly neither indefinite nor potentially permanent like the detention held improper in *Zadvydas;* it is, rather, directly associated with a judicial review process that has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore v. Kim,* 538 U.S. 510, 527–29, 531, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process.").

*Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004). Petitioner has not demonstrated that his detention is indefinite or his appeal of his removal order will not be processed.

Next, to the extent Petitioner asserts a procedural due process claim, that claim fails. Petitioner has received the process due under § 1226(c).

Finally, to the extent Petitioner asserts a substantive due process claim, it does not appear to be meritorious. Petitioner has substantive due process rights. *Rodriguez-Fernandez v. Wilkinson*, 654 F.2d 1382, 1387 (10th Cir. 1981) ("[A]n excluded alien in physical custody within the United States may not be 'punished' without being accorded the substantive ... due process guarantees of the Fifth Amendment."). Respondents may violate a noncitizen's substantive due process rights if immigration detention becomes punitive. *Id.* Nevertheless, "the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment." *United*

*States v. Salerno*, 481 U.S. 739, 746 (1987). A restriction on liberty is punitive rather than regulatory if (a) the government intends to impose punishment, or (b) the restriction is not rationally related to a legitimate nonpunitive governmental purpose or is excessive in relation to that purpose. *Id.* at 747. Detention pending a removal decision "necessarily serves the purpose of preventing deportable [ ] aliens from fleeing prior to or during their removal proceedings, thus increasing the chance that, if ordered removed, the aliens will be successfully removed." *Demore v. Kim,* 538 U.S. 510, 528 (2003) (considering mandatory detention under §1226(c)).

Here, Petitioner has been detained for approximately eleven months, which the Court finds is not prolonged. Generally, cases which have considered prolonged detention claims have addressed detention which far exceeds Petitioner's detention. *See Velasco Lopez v. Decker,* 978 F.3d 842, 855 (2d Cir. 2020) (fifteen-month detention); *Black v. Decker*, 103 F.4th 133, 159 (2d Cir. 2024) (seven and twenty-one month detentions); *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 214 (3d Cir. 2020) (two and half year detention).

Moreover, he does not present any facts suggesting that a decision on his removal will not occur, or that his detention is punitive. Petitioner was detained on or about November 24, 2025. A removal order was issued in June 2026, and Petitioner appealed his removal order. The appeal remains pending. Petitioner has not argued or presented evidence that his removal proceedings will not be adjudicated or processed. Therefore, it is clear that Petitioner is being detained pending a decision on his removal, not to merely punish him. Moreover, his detention is rationally related to the legitimate governmental purpose of adjudicating his removal and ultimately removing him from the country. Petitioner does not demonstrate how his detention is excessive in relation to its purpose. Based on the arguments and record before the Court, the Court declines to find that Petitioner's substantive due process rights have been violated based on the length of his detention

pending a decision on his removal proceedings. Therefore, Petitioner's substantive due process claim fails.

**IT IS THEREFORE ORDERED** that Petitioner's Petition is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Emergency Motion (Doc. 2) is **DENIED**.

______________/S/__________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE